MARY T. CACCAVARO *vs.* AMERICAN MOTORISTS INSURANCE COMPANY. April 9, 1969. In this action of contract brought to recover on an accident and health policy and heard before a judge sitting without jury, the defendant

filed a series of requests for rulings of law. The judge took no action on these requests and found for the plaintiff, making no findings of fact. Since the requests were seasonably presented the judge's inaction on them is to be considered a denial. *John Hetherington & Sons Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. *Georgeopoulos* v. *Georgeopoulos,* 303 Mass. 231, 234. The requests sought rulings that the plaintiff was not entitled to recover under policy terms requiring (1) a stated period of total disability under regular care of a qualified physician, (2) total disability to the extent that the plaintiff was unable to engage in gainful employment, and (3) total disability arising from causes commencing prior to the time of coverage under the policy. Rulings were also sought that the plaintiff had failed to prove total disability and had failed to follow a course of proper medical care. The bill of exceptions makes it clear that there was evidence on all matters raised by the requests. This evidence related to factual situations which, if found to exist, would be decisive of an issue in this case. See *Stella* v. *Curtis,* 348 Mass. 458, 463. Therefore, the defendant was entitled to the rulings requested or to findings that showed that they severally were irrelevant. *Bresnick* v. *Heath,* 292 Mass. 293, 298–299. *Quality Fin. Co.* v. *Hurley,* 337 Mass. 150, 152, 157. The trial judge in making no findings of fact leaves no clue to the reason for his failure to act on the requests. This was error.

*Exceptions sustained.*

*John J. C. Herlihy* for the defendant.
No argument or brief for the plaintiff.