Southern District
No. 24331

## JOHN H. ANGLEY d/b/a ANGLEY CONSTRUCTION CO.

*v.*

## HADLEY LECLAIR

Argued: May 17, 1972   Decided: Nov. 16, 1972

*Present:* Murphy, P.J., Lee, J.

Case tried to *White, J.* in the Third District Court of Plymouth on May 25, 1971.

**Lee, J.** This is an action of contract in one count relative to the construction of a house on Lot #6, West Street, Kingston, Massachusetts for which the plaintiff seeks to recover $2,805.50 for services, labor and materials.

The defendant's answer was a general denial, a plea of payment and a Declaration in Set-Off claiming a breach of contract and damages in the amount of $865.00.

In answer to the Defendant's Declaration in Set-Off, the plaintiff filed a general denial, a

Plea of Payment and a Plea of Full Perform-ance.

During the trial the plaintiff amended his declaration inserting the date of December 31, 1969 wherever the date September 30, 1969 appeared.

*A summary of the pertinent evidence showed that* the parties entered into a written contract for the construction of a house for the defend-ant on Lot #6, West Street, Kingston, Mass-achusetts.

The defendant produced evidence that the work was not done in a good and workman-like manner and further evidence to support his declaration in Set-Off.

There was a finding for the plaintiff for $1500 but the trial justice made no findings of fact. He took no action on the defendant's Dec-laration-in-Set-Off. We look, therefore, to his action on the defendant's requests for rulings of law to determine the correctness of his deci-sion.

The defendant claims to be aggrieved by the judge's failure to act upon requests 3, 6, 7 and 12; the allowance of requests 8 and 9 and the denial of request 15 and also the failure of the judge to act upon his Declaration-in-Set-Off.

The failure of the trial justice to act upon the defendant's requests for rulings of law 3, 6, 7 and 12 constitutes a denial of these re-

quests. *Georgeopoulous* v. *Georgeopoulous,* 303 Mass. 231, 234. *Caccavaro* v. *American Motorists Insurance Company,* 355 Mass. 797, 798.

An examination of these requests shows them to involve proper questions of law and action should have been taken by the trial justice. His failure to do so, or to make certain findings of fact showing that they were immaterial, being the implied denial of these requests, cannot be upheld. *Bresnick* v. *Heath,* 292 Mass. 293, 298-299. *Caccavaro* v. *American Motorists Insurance Company,* 355 Mass. 797, 798.

Request for ruling number 8 was properly allowed as a correct statement of law. The allowance of request for ruling number 9 cannot be sustained in light of the judge's findings, without his making of findings of fact. Request for ruling number 15 was properly denied as not in compliance with Rule 27 of the District Courts, which requires specification of the grounds upon which it is based.

The failure of the trial justice to act upon the defendant's Declaration-in-Set-Off accompanied by his allowance of request for ruling number 11 was error.

We conclude, therefore, that the improper actions of the trial justice on the defendant's requests for rulings of law and his failure to act upon the defendant's Declaration-in-Set-Off is prejudicial error.

Judgment is vacated and the case is remanded for a new trial.

EDWARD T. ANGLEY, ESQ.
  for the plaintiff

DAVID F. WHELEN, ESQ.
  for the defendant