Ruma, J.
This is an action in contract for breach of a commercial lease.
The plaintiff-lessor sought damages in the total amount of $9,471.50 for two claims for rent arrearages allegedly owed by the defendant-lessee for its occupancy of the premises during the initial term of the parties’ lease; and one claim in the *194 amount of $40,680.00 for rent and $8,136.00 for attorneys' fees allegedly due under a one-year extension of the lease. The defendant denied that any rent was owed to the plaintiff, and denied that the lease had been extended unconditionally.
The trial court found for the plaintiff, and assessed damages in the amount of $3,173.25. The plaintiff’s requests for rulings of law were “deemed waived.” The plaintiff seasonably filed a motion for a new trial or to amend judgment on the grounds that the damages assessed by the trial court were inadequate as a matter of law. The plaintiff’s motion was denied.
The plaintiff thereafter appealed to this Division claiming to be aggrieved by the court’s inaction upon his requests for rulings, and by the court’s findings. The plaintiff specifically charges the trial court with error in its interpretation of the parties’ lease and its award of insufficient damages.
1. Two of the plaintiff’s three claims for rent against the defendant pertain to the initial term of the lease. The relevant, reported evidence indicates that on September 19,1983, the parties executed a written lease for office space in Cambridge, Massachusetts commencing December 1, 1983 and ending May 31, 1987. The defendant-lessee occupied the premises for the entire period of the initial lease term. The lease set forth a schedule of increasing monthly rents for the three and one-half year initial term, culminating in a monthly rent of $3,173.25 from June 1, 1986 to May 31,1987. An additional parking fee of $120.00 per month was charged.
The plaintiffs first claim is for rent arrearages owed by the defendant for its occupancy of the premises for April and May, 1987, the last two months of the initial lease term. The total damages sought for two months rent plus parking fees is $6,586.50 ($3,173.25/mo. rentx 2, plus $120.00/mo. parking fees x 2).[3] It is apparent that the trial court awarded damages for one month’s rent only, and that such award was patently erroneous. The defendant admitted both that it occupied the premises for the two months in question, and that it did not pay rent or parking fees to the plaintiff. Although a trial justice is free to disbelieve even uncontroverted testimony, Perry v. Hanover, 314 Mass. 167, 170 (1943); Webber v. American Policyholders Ins. Co., 39 Mass. App. Dec. 186, 190 (1968), his factual findings and assessments must be predicated upon a rational view of the evidence adduced at trial. Heil v. McCann, 360 Mass. 507, 511 (1971). Such evidence does not support an award herein for only one month’s rent exclusive of parking fees.[4] The trial court’s judgment for the plaintiff in the amount of $3,173.25 is hereby vacated.
2. The plaintiff’s second claim is for $2,885.00 in rent arrearages for June, 1986 through March, 1987 resulting from a discrepancy between the amount of monthly rent and parking fees required by the lease ($3,293.25) and the amount actually paid by the defendant ($3,004.75) pursuant to incorrect rent bills prepared and forwarded monthly by the plaintiff. The defendant denied liability for the ten month excess rent on the grounds, inter alia, that the plaintiff waived the difference of $288.50[5] each month by billing the defendant at the lower rate.
At the close of the evidence, the plaintiff filed twenty-seven requests for rulings of law. Request for ruling number 4 states:
“By [sic] the lessor’s acceptance of the old rental did not by itself amount *195 to a waiver of the increase amount due under the lease. O’Brien v. Hurley, 325 Mass. 249, 90 N.E. 2d 335 (1950).”
. Plaintiffs requests for rulings, including request number 4, were “deemed waived” by the trial court upon the entry of a general finding for the plaintiff. It is a common, pragmatic and, in most instances, proper district court practice to treat a prevailing party’s Dist./Mun. Cts. R. Civ. P. Rule 64(b) requests for rulings of law as having been waived or withdrawn. However, when a judgment does not incorporate a favorable disposition of all of the prevailing party’s claims, as in the instant case, judicial inaction upon requests for rulings pertaining to those claims or to questions of damages is inappropriate. DiPerrio v. Holden, 341 Mass. 342, 343 (1960); Maxwell v. Norwood Marine, Inc., 58 Mass. App. Dec. 59, 62 (1976). It is obvious that the court’s judgmentfor the plaintiff herein in the amount of $3,173.25 did not encompass a favorable disposition of all of the plaintiff’s claims which totaled $58,287.50 for rent arrearages, and rent and attorneys’ fees under an extension of the lease. Under these circumstances, the trial court’s inaction upon the plaintiff’s requests for rulings of law must be deemed tantamount to a denial of such requests. Ryerson v. Fall River Philanthropic Burial Soc., 315 Mass. 244, 246 (1944); Kravetz v. Lipofsky, 294 Mass. 80, 84 (1936). This construction of the trial court’s inaction preserves the plaintiff s right to appellate review of the issues raised by his requests and of the trial court’s adverse resolution of such issues.
Request for ruling number 4 sets forth a correct proposition of law, applicable to the evidence adduced at trial and relevant to the question of the defendant’s liability for the $2,885.00 in excess rent demanded by the plaintiff. The plaintiff was entitled either to the court’s allowance of this request or to the court’s explanation of why it viewed this request as immaterial or inapplicable to the facts found. Stella v. Curtis, 348 Mass. 458, 462 (1965). No subsidiary findings of fact were made by the trial court. In the absence of such findings, the court’s unexplained denial of request for ruling number 4 raises an issue as to the court’s application of correct principles of law in its adjudication of the plaintiff’s second claim. A new trial is in order. Angley v. LeClair, 52 Mass. App. Dec. 70, 72 (1972); Koch v. Cambria-Scotia Co., 48 Mass. App. Dec. 13, 17-18 (1972).
3. The same problem attends the trial court’s rejection of the plaintiffs third claim for damages for $40,680.00 in rent and $8,136.00 in attorneys’ fees due under an alleged extension of the lease. The reported evidence relevant to this question indicates that the parties’ lease granted the defendant-lessee an option to extend the lease for four, one-year terms with a minimum monthly rental for the first extended term of $3,173.25 plus an increase to be calculated with reference to comparitive annual percentage increases in the bureau of Labor Statistics Indexfor Urban Wage Earners & Clerical Workers (CPI-W Boston, MA.). On February 27, 1987, the defendant notified the plaintiff that it was exercising its option to extend the lease for one year beginning June 1, 1987. The defendant’s notice also listed certain maintenance problems to be corrected on the premises.
On March 2,1987, the plaintiff acknowledged the defendant’s extension of the lease, and stated the new rent and parking charges to be $3,390.95.[6] The plaintiff also advised the defendant of its rent billing error of $288.50 for June, 1986 and succeeding months, and promised to review maintenance problems. In response to the plaintiff’s acknowledgement of the defendant’s extension, the defendant notified the plaintiff on March 23,1987 that it was not “consummating the extension” because of the plaintiffs demands for “excess rent [and] excess parking costs” and *196 because the plaintiff gave no guarantee with respect to maintenance services. The following day, the plaintiff advised the defendant that it would not accept the latter’s rescission of the lease extension and that parking charges and rent calculations could be discussed. There was conflicting evidence as to who would be responsible for maintaining and repairing the leased premises.
Plaintiff’s request for ruling number 5 states:
“Although the lessee mentioned objections to the conditions of the leased premises and the common area in his notice to extend the lease, the notice to extend the lease was still an effective exercise of the same. O’Brien v. Hurley, 331 Mass. 172, 117 N.E.2d 922 (1953)”
As the trial court denied the plaintiff’s claim for rent under an extension of the lease, the court’s inaction upon request number 5 relative to such extension was the equivalent of a denial of the request. As noted in the preceding section, the trial court entered no subsidiary findings of fact to qualify its denial of the plaintiffs requests, and we cannot simply assume that the court found other facts which rendered request number 5 immaterial. Home Sav. Bank v. Savransky, 307 Mass. 601, 607 (1940). The court’s unexplained denial of request number 5 stands as a rejection of a sound proposition of relevant law applicable to the evidence and issues in this case. The denial of request for ruling number 5 cannot be sustained. Caccavaro v. American Motorists Ins. Co., 355 Mass. 797, 798 (1969); Hall v. Daggett, 47 Mass. App. Dec. 28, 32 (1971).
Accordingly, the trial court’s judgment for the plaintiff is hereby vacated. This case is returned to the Cambridge Division for a new trial.
So Ordered.

 The case papers winch co istilute the record in this case are replete with simple, arithmetical miscalculations by the plaintiff. Damages for the two month period in question here are, for example, incorrectly stated at $6,584.50 by the plaintiff.

 A disbelief of the consistent testimony offered by the plaintiff and defendant with respect to the defendant’s nonpayment of rent and parking charges for April and May, 1987 as required by the lease would have logically resulted in a finding for the defendant on this Issue. Conversely, the trial court’s determination that the plaintiff and defendant’s testimony on this question was credible should have resulted in an award of damages for two months’ rent plus two months’ parking fees. Any set-off for the one month’s security deposit paid by the defendant at tire commencement of the lease term is not reflected in the judgment; such deposit would not, in any event, cover the parking charges the defendant admits were not paid.

 The plaintiff misstates the difference as $287.50 per month.

 The plaintiff miscalculated the rent at $3,205.60 (minimum base rent) +$32.35 (CPI increase) + $156.00 (new parking charge) =$3,393.95, and then rounded off the monthly rentalto $3,390.95.The plaintiff erred in misstating the actual base rental of $3,173.25.