Coven, J.
This is an action in contract by the plaintiffcassignee to recover payment of the principal balance on a promissory note executed by defendant Joseph A Pandolfino in conjunction with a real estate purchase. By way of affirmative defense and counterclaims for breach of contract and G.L.c. 93A damages, the defendant alleged that misrepresentations had been made at the time of his execution of the note and that the note had been fraudulently altered.
The record indicates that in 1987, the defendant and his wife, defendant Virginia F. Pandolfino, purchased four condominium units in Natick, Massachusetts from Mitchell Robbins (“Robbins”). The defendant paid $45,000.00, and signed a five-year promissory note in the amount of $40,310.00 for the balance of the purchase price. The note was secured by a second mortgage on the units. In January, 1993, Robbins assigned the promissory note to plaintiff Baybank. The note was in default as of the date of the assignment as no payments had been made to reduce the $40,310.00 principal.
The defendant testified at trial that he was induced to enter into the purchase of the condominiums by Robbins’ misrepresentations that the units would increase in value and that the defendant would thus be able to refinance at the expiration of the five year term of the note in order to pay Robbins. The defendant further testified that the promissory note had been fraudulently altered by the handwritten addition of the words “and individually” to the clause identifying the borrower, and of the words “individually and as trustee aforesaid” immediately below the defendant’s signature. The defendant stated that these words did not appear on the document he signed in 1987, and were added thereafter solely for the purpose of rendering him personally liable on the note.
After trial, the court made a finding for the plaintiff on both its complaint and *85 the defendant’s counterclaims, and entered judgment for the plaintiff in the amount of $57,947.56.
1. The defendant’s principal argument on this appeal is that the trial court’s judgment for the plaintiff was based on the court’s erroneous determination that the plaintiff was a holder in due course, not subject to the defenses of misrepresentation and fraudulent alteration of the note asserted by the defendant. The defendant contends that such determination by the court is evident in its denial of requests for rulings numbers 1 and 4-10 by which the defendant claims to have properly preserved the issue of whether the plaintiff was a holder in due course.[2] The requests stated:
1. BayBank is not a holder in due course of the January 20,1987 Promissory Note because by it’s [sicjterms the note was due and payable on or before January 20,1992 and BayBank did not become a holder of said note until it had become overdue. G.L.C. 106, §3-302(1) (c).
4. BayBank had notice of a claim of defense because the note was due-in-full since the prior holder had accelerated the note for nonpayment. G.L.c. 106, §3-304(3) (c).
5. The original holder of the January 20, 1987 note, Mitchell B. Robbins, filed a petition in bankruptcy in 1990 or 1991.
6. On August 11,1990, before BayBank notified Joseph Pandolfino that the January 20,1987 note has [sic] been assigned to it, Mr. Robbins was notified in writing on August 1,1990 that said note was unenforceable.
7. The note, on or before January 20, 1987, was materially altered to add Joseph Pandolfino, individually.
8. Because the January 20, 1987 note was materially altered and Mr. Robbins committed fraud in the factum, said note held by BayBank is unenforceable and/or barred by the statute of frauds.
9. BayBank knew of claims and should have know [sic] of real defenses by Joseph Pandolfino yet it still [sic] an insubstantial, frivolous or bad faith complaint in violation of General Laws, Chapter 231, §6F.
10. BayBank as assignee of Mitchell Robbins breached the agreement between Robbins and Pandolfino and also committed an unfair trade practice by filing it’s [sic] complaint and obtaining a real estate attachment.
The defendant’s requests did not, however, constitute proper requests for rulings of law, but instead presented mixed questions of fact and law. In such a case, where a request is a hybrid containing both an implied finding on a disputed fact and a ruling of law, the request is properly denied. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944). See also Catalucci v. Massachusetts Bay Transp. Auth., 351 Mass. 360, 362 (1966); Dow v. United States Fidelity & Guar. Co., 297 Mass. 34, 40 (1937); Copp v. Hague, 1994 Mass. App. Div. 11, 12 n. 8.
2. The defendant failed, therefore, to present a proper request for ruling of law which would have permitted the trial court to make a specific ruling, on all the evidence, as to the plaintiff’s status as a holder of the note. In consequence of such *86 failure, the defendant cannot establish on this appeal that the trial court must have erroneously determined that the plaintiff was a holder in due course and not subject to the defenses asserted herein. See G.L.c. 106, §§3-302, 3-305. See generally, Industrial Nat’l Bank of R.I. v. Leo’s Used Car Exchange, Inc., 362 Mass. 797, 800 (1973); New Bedford Inst. for Sav. v. Gildroy, 36 Mass. App. Ct. 647, 650 (1994).
It is equally possible that the trial judge concluded that the plaintiff took the note subject to all available defenses, see G.L.c. 106, §3-306, but that the defendant failed to satisfy his burden of establishing a defense to the note by a preponderance of the credible evidence. See, as to burden of proof, Loew v. Minasian, 361 Mass. 390, 391 (1972). The plaintiff had testified that the note was in default, due and payable, at the time it took the note by assignment. While the court permitted the defendant to testify about the misrepresentations and fraudulent alteration of the note which he had alleged, the court was not bound by such testimony. Tosti v. Ayik, 394 Mass. 482, 494 (1985); Ripp v. Schlaikjer, 8 Mass. App. Ct. 898 (1979). It may be reasonably inferred from the record that the trial judge in fact rejected the oral evidence advanced by the defendant in support of his affirmative defenses and counterclaims.
3. Having failed to raise and preserve by a proper request for ruling the very issue on which his appeal is predicated, the defendant could not establish any error of law by the trial court.
Accordingly, the defendant’s appeal is dismissed.
So ordered.

Confusion was generated by the trial judge’s use of the terminology “N.A” in denying these requests. We interpret “N A.” as “not applicable” or “not allowed.” In any event, as discussed below, the defendant failed to set forth a pure request for ruling of law upon which the trial judge could have ruled.