Coven, J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8C, appeal by the defendant-tenant of the trial court’s failure to rule on all of her summary process counterclaims.
The record indicates that on November 1,1997, the parties executed a one year written lease for a single family home at 186 Montvale Avenue in Woburn at a rent of $1,800.00 per month. The property had two driveways and a third "auxiliary” access road leading to the rear of the house. The premises consisted of both the “land and the buildings thereon,” and the lease provided that “whenever possible, Tenant shall be informed in advance of any proposed entry hereunder.”
Beginning in May, 1998, plaintiff-landlord Thomas L. Lee, Jr. (“Lee”) was on the property with a loud backhoe almost daily, sometimes as early as 6:00 A.M. and with no prior notice to the tenant. After the defendant failed to pay rent for July and August and was served with a notice to quit on August 3,1998, Lee’s activities escalated. A videotape capturing some of this conduct was admitted as an exhibit at trial and is part of the record on this appeal.
On August 3,1998, Lee blocked the front or main driveway of the property with 40 foot utility poles and a boulder. By the time the defendant returned from a trip on August 9, 1998, all driveways providing access to the property had been blocked with large granite curbstones and utility poles.
The Woburn Police were called to the house on August 9,1998 because of the public safety concerns created by the denial of any access to or from the property. They managed to remove the utility poles from the auxiliary access road, but Lee returned the same day and used his backhoe to block the road cleared by the police. The police returned to the scene, unsuccessfully endeavored to move the backhoe with the help of a towing service they called, and were eventually able to remove the utility poles from at least the rear driveway which led to the garage so that the defendant could get her cars in and out. Lee returned to the property, however, for a third time that day. He used his backhoe which had been blocking the auxiliary road to place boulders to close that entrance to the property. He then moved boulders and utility poles across the rear driveway which had just been opened by the police. When the Woburn Police returned and Lee refused to move the poles and boulders, he was placed under arrest.
*258 After the defendant and her neighbors were able to unblock the rear driveway, Lee returned to the property on August 11,1998. He again positioned utility poles across the rear driveway to close it, and refused to clear the obstruction when ordered to do so by the Woburn Police.
Also on August 11,1998, Lee asked the Woburn Water Department to shut off water to the house, on the basis of a purported leak which apparently never existed. No advance notice was provided to the tenant.
Lee filed this summary process action on August 31, 1998.[2] On September 5, 1998, the defendant filed an answer and counterclaims which alleged that the landlord had shut off utilities and interfered with her quiet enjoyment in violation of G.Lc. 186, §14 and G.L.c. 93A.[3] On September 24,1998, the defendant stipulated that two months’ rent remained unpaid, that she would leave the house as of October 1,1998 and that a judgment for possession could enter in Lee’s favor as of that date. The court allowed the defendant to amend her counterclaims to include a claim for intentional infliction of emotional distress and a request for attorney’s fees. After a trial on the counterclaims, the court assessed damages in the amount of $5,400.00, which represented a trebling of one month’s rent under G.L.c. 186, §14, and $2,000.00 in attorney’s fees. The court did not rule on the defendant’s requests for rulings of law.
Upon the defendant’s motion for reconsideration or clarification, the court stated that its findings of a breach of quiet enjoyment and G.L.c. 93A violation, and its resulting assessment of damages, were all based on only one incident which occurred on October 1, 1998 while the defendant was moving out of the house. The court also stated that its award of $2,000.00 in attorney’s fees was calculated by taking one-third of the judgment amount and adding $200.00 in disbursements and office expenses.
1. The trial court’s judgment for the defendant for a single violation of G.L.c. 186, §14 and G.L.c. 93Awas based on only one incident which occurred on October 1, 1998. The defendant’s counterclaims also alleged, however, violations of those statutes for Lee’s acts in blocking the driveways in August and for terminating water service without prior notice, as well as an additional claim for intentional infliction of emotional distress. The defendant was entitled to an adjudication of all of her counterclaims.
Inapplicable here is the general rule prohibiting the recovery of duplicative damages when the same acts cause the same injury under more than one theory of recovery. Szalla v. Locke, 421 Mass. 448, 454 (1995); Ann & Hope, Inc. v. Muratore, 42 Mass. App. Ct. 223, 233-234 (1997). Where, as in the instant case, the acts which form the basis of the counterclaims are “factually separable and distinguishable,” the defendant is entitled upon findings in her favor to separate recoveries for separate and distinct injuries. Calimlim v. Foreign Car Center, Inc., 392 Mass. 228, 236 (1984). Thus while she cannot duplicate actual damages upon a finding of one factual incident violative of both G.Lc. 186, §14 and G.L.c. 93A, Wolfberg v. Hunter, 385 Mass. 390, 401 (1982), the defendant/plaintiff-in-counterclaim may seek additional statutory penalties for factually distinguishable claims, see Ianello v. Court Management Co., 400 Mass. 321, 324 (1987), as well as consequential damages for emotional distress. Simon v. Solomon, 385 Mass. 91, 109 (1982).
2. It is often pragmatic and proper for a trial court to consider requests for rul *259 ings of law by a prevailing party as waived or withdrawn when all claims, including those for damages, have been decided in the prevailing party’s favor. Where, however, the damages awarded are less than those sought or where findings in the prevailing party’s favor are not made on all of his claims, a trial judge must rule upon requests for rulings relevant to those claims and damages. DiPerrio v. Holden, 341 Mass. 342, 343 (1960); Murphy v. Unihab, Inc., 1986 Mass. App. Div. 122, 123.
[Wjhen a judgment does not incorporate a favorable disposition of all of the prevailing party’s claims, as in the instant case, judicial inaction upon requests for rulings pertaining to those claims or to questions of damages is inappropriate.
Mishara v. Bankers Marketing Services, Inc., 1989 Mass. App. Div. 193, 195.
As not all of the defendant’s counterclaims were decided in her favor, the trial judge’s inaction upon her requests for rulings of law of this case was tantamount to a denial of the requests for the purposes of appeal. Mass. R. Civ R, Rule 64A(c). See generally Caccavaro v. American Motorists Ins. Co., 355 Mass. 797, 798 (1969); Wolfe v. Laundre, 327 Mass. 47, 49 (1951); Alexander v. Compton, 1991 Mass. App. Div 107, 108-109. The dispositive question is whether such denial of the defendant’s requests can be sustained. Upon review, it is clear that the majority of the defendant’s requests improperly posited mixed conclusions or fact and law and could have been appropriately denied on that basis. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944); The Lenco Pro, Inc. v. Guerin, 1998 Mass. App. Div. 10, 13; Baybank v. Pandolfino, 1996 Mass. App. Div. 84, 85 and cases cited. However, defendant’s supplemental request for ruling of law number 11[4] set forth a sound legal proposition relevant to the defendant’s counterclaims and should have been allowed by the trial court. The denial of the request was error, and a new trial on the defendant’s counterclaims is required.
3. Because of our new trial order, we address one additional matter. The trial judge correctly awarded attorney’s fees upon his finding of a violation of G.L.c. 186, §14 and G.L.c. 93A, but calculated the fee as a straightforward percentage of the damages awarded for the statutory violations.
We reiterate that, in assessing reasonable attorney’s fees, a trial judge must apply the familiar factors set forth in Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). See generally Homsi v. C.H. Babb Co., 10 Mass. App. Ct. 474, 481-482 (1980); Taupa Lithuanian Fed. Credit Union v. Bajercius, 1997 Mass. App. Div. 31, 32. Attorneys fees are not limited to, and should not be determined as, a percentage of the amount recovered. Sanitoy, Inc. v. Ilco Unican Corp., 413 Mass. 627, 633-634 (1992); J.P. Construc. Co. v. Stateside Builders Inc., 45 Mass. App. Ct. 920, 921 (1998).
Accordingly, the trial court’s judgment on the defendant’s counterclaims is hereby vacated, and this case is returned to the Woburn Division for a new trial.
So ordered.

 The commencement of suit did not signal the end of Lee’s harassment of the defendant. There was testimony that, e.g., in September, 1998, Lee drove his backhoe up to within a few feet of the back of the house and repeatedly lifted and slammed the shovel of the backhoe into the ground for a period of time, creating a loud banging noise.

 The record indicates that Lee owned several rental properties.

 Request number 11 stated: “The tenants are entitled to damages in the amount of three months rent, or their actual damages, including damages for emotional distress, whichever is greater, for each violation of G.L.C. 186, §14.”