Hershfang, P.J.
Counsel for Rosa Cacciola (“plaintiff”) claims he expended $12,435 in lawyers’ time to recover, at best, $1,485 of personal injury protection (“P.I.P.”) benefits. Of that sum, $1,410 was for physical therapy services. Plaintiff was unsuccessful on that physical therapy portion of her claim and has sought no review of that determination. Rather, having been successful in her claim for her unreimbursed co-payment on the cost of an ambulance, $75 plus interest, plaintiff has appealed, asserting in a seven page, unnumbered brief that she “is aggrieved by the award of only $665.30 in attorney’s fees.” In addition, and although there was no request for a ruling on the issue and plaintiffs “Expedited Appeal” statement at most sideswipes it, plaintiff apparently claims the trial judge erred as a matter of law in not finding a so-called chapter 93A violation. We find no error and dismiss the appeal.
The Background
We summarize and take note of the background we think pertinent.
Plaintiff was injured while a passenger in a motor vehicle insured by Liberty Mutual Insurance Company (“defendant”). She also had Blue Cross/Blue Shield (“Blue Cross”) health insurance. Under the P.I.P. provisions of defendant’s policy, G.L.c. 90, §§34A-34N, plaintiff filed claim against defendant seeking reimbursement of over $5,000 for medical treatment and physical therapy costs.
From the “Decision” of the trial judge we learn the following:
The defendant... promptly paid the first $2,000.00 of medical bills submitted to it on the plaintiffs behalf. [Defendant] then notified all providers that the $2,000.00 limit had been reached, and that all other bills should be submitted to [Blue Cross].
[Blue Cross]... paid the bills submitted by its own providers on [plaintiffs] behalf, and all of her ambulance bill minus the deductible of $75.00. [Blue Cross] would have [paid] bills submitted from outside providers if they had been approved in advance, and ... [if] accompanied by checks showing that the plaintiff had paid for their services.
The trial judge determined that plaintiff had not complied with these requirements and ruled that a “claimant who ignores the obligations of her own health insurance policy [and is denied Blue Cross reimbursement because of her failure to obtain pre-approval for physical therapy cannot recover under P.I.P., since] [d]oing so would vitiate the statutory requirement of the coordination of benefits which the [Supreme Judicial Court] has described as ‘the predominant purpose of §34A.’ See Dominguez v. Liberty Mutual Insurance Company, 429 Mass. 112, 117 (1999).” Plaintiffs claim under P.I.P. for reimbursement of her physical therapy costs was thus denied.
The result was different, however, with respect to plaintiffs claim for reim *175 bursement for the $75 co-payment for ambulance services. With respect to defendant’s contention that plaintiff failed to file ■ a group health affidavit form confirming she had Blue Cross coverage, the trial judge noted that “[defendant] has established at trial that it was fully aware of [plaintiffs] private health insurance coverage when it notified all providers that their bills should be forwarded to [Blue Cross].” Plaintiff subsequently moved to amend the judgment by adding attorney’s fees, and the judge awarded $665.30. Under G.L.c. 90, §34M, a party who recovers judgment for any P.I.P. sum due and payable by the insured is entitled to “reasonable attorney’s fees.” We turn now to plaintiffs two contentions on appeal.
The “Inadequate” Award of a Counsel Fee
As noted, plaintiff does not contest the denial of the physical therapy cost claim, but her counsel claims he is “aggrieved” by what he views as the inadequate award of counsel fees, “only $665.30,” almost nine times the amount he successfully recovered.
In asserting her claim, plaintiff acknowledges the wispy reed on which it rests. Thus, her counsel in her Notice of Appeal[1] frames the issue of law thus: ‘Whether the plaintiff who is [successful only] in obtaining part of the medical expenses claimed under P.I.P. also recovers reasonable attorney fees incurred in the same action related to the unsuccessful pursuit of the other medical expenses claimed by them (sic) under P.I.P.” In her brief, plaintiff poses the issue verbatim the same way.
Plaintiffs counsel cites no case or other authority (and we are unaware of any[2]) in support of his most remarkable proposition — that the opposing party must pay for counsel fees even when that opposing party is successful. We are hardly surprised at plaintiffs coming up empty on that claim. What encouragement to wasteful work that would be! Moreover, see Simon v. Solomon, 385 Mass. 91, 113 (1982) Qudge may exclude from consideration of an appropriate attorney’s fee award “duplicative and unnecessary work, and work spent on a [claim resulting in a directed verdict for the opposing side].”); see, also, Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 176, further appellate review denied, 429 Mass. 1105 (1999) (‘The amount of a reasonable attorney’s fee, awarded on the basis of statutory authority, is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney’s services.”).
Plaintiffs counsel also takes issue with what he perceives was the method the trial judge used in arriving at the amount of counsel fees awarded. Although plaintiffs brief is far from clear on the subject, we believe that it argues thus: Of the $1,485 sought, plaintiff recovered $75, approximately five percent. Of the $12,435 in attorney’s fees sought, $665.30 was allowed, again about five percent. This contention assumes the trial judge accepted plaintiffs affidavit at face value, but the “Affidavit of Fees” is deficient in several respects. It apparently was executed by an attorney who is said to have performed less than one-third of the work for which the claim is made and is signed “to the best of [his] knowledge.” Without detailing anything, it simply lists the names of four lawyers and one paralegal, a *176 number of hours and an hourly charge for each. Moreover, an affidavit, though uncontested, need not be accepted. Kahn v. Pacific Mills, 311 Mass. 588, 590 (1942). Plaintiffs contention further assumes the trial judge concluded that the approximately 72 attorney hours claimed to have been spent was appropriately spent. We ignore these contentions since none of these assumptions is supported in the record of this Expedited Appeal. See Hayes v. Retirement Bd., 425 Mass. 468, 474 n.4 (1997) (Court declined to consider one of plaintiffs arguments because of plaintiffs failure to cite anything in the record to support his allegation).[3] Moreover, we view it outside the appellate process either to speculate on or second-guess the trial judge’s mental processes any more than would be appropriate in the case of a jury’s determination of damages. See Cassamasse v. J.G. Lamotte & Son, Inc., 391 Mass. 315, 317-318 (1984) (“Juror testimony concerning the mental processes of jurors during deliberations, such as testimony that the jurors did not follow the judge’s instructions, or that they misunderstood the legal consequences of their verdict, or that they were influenced by matters not in evidence, is not permitted to impeach a verdict.”); Tenedios v. Wm. Filene’s Sons Co., 20 Mass. App. Ct. 252, 256-257 (1985) (Jury foreman’s affidavit purporting to show how the jury reached their verdict and that they intended a larger amount could not be considered, as it went to the mental processes of the jurors in arriving at their verdicts); see also Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 160 (1987) (Reviewing court will not substitute its own judgment for that of the trial judge).
Finally, even if plaintiff is correct about the method the trial judge used in determining a counsel fee award, we discern no error. Here, too, plaintiff has failed to cite any case or other supporting authority. Indeed, as plaintiff acknowledges, the one case cited supports the opposite proposition. DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 106 (1983) (‘The amount of reasonable attorneys’ fees under c. 93A is within the broad discretion of the trial judge.”).
The 93A Claim
In the “Statement of the Case” portion of her brief, plaintiff says this following the claim of the inadequate counsel fee award; “Additionally, plaintiffs lack of sub-mittal of so-called ‘affidavit of no health insurance’ was seen to preclude a 93A claim based on defendants (sic) knowing and willful refusal to respond to clear written demands for payment of the $75.00 co-pay amount.” This murky declaration is followed by what we view as the heart of plaintiffs chapter 93A claim. “The plaintiff believes that the nonsubmittal of a so-called ‘affidavit of no health insurance’ is no excuse under M.G.L.c. 93 § (A). The knowing and willful nonpayment of a valid claim for reasonable and necessary medical expenses violates 93(A).” Plaintiff further claims that defendant’s “repeated refusal to respond to demands or pay the ambulance co-pay constitutes a violation of 176D and consequently a violation of 93A.”
The short answer to plaintiffs chapter 93A claim is that while she filed a request for rulings on other matters, she did not do so with respect to her chapter 93A claim. As was noted in Stigum v. Skloff, 2000 Mass. App. Div. 63, the purpose *177 of the “Requests” is to bring to the Court’s attention the principles of law considered relevant, thus alerting and educating the judge to those views. Plaintiffs failure to have done so here is thus fatal to her claim. See Hogan v. Coleman, 326 Mass. 770, 772 (1951) (One of the purposes of requests for rulings of law is to preserve the right of review thereof); Macone Brothers, Inc. v. Strauss, 1997 Mass. App. Div. 95, 95-96 (Party seeking appellate review is responsible for raising relevant issues of law by motion, request for ruling or other procedural mechanism). Moreover, from her “Decision” we learn that the trial judge did not consider the defendant’s failure to have reimbursed plaintiff for her $75 ambulance co-payment expense as “frivolous or unreasonable.” In the face of the requirement of coordination of benefits that is underscored in Dominguez v. Liberty Mut. Ins. Co., 429 Mass. 112 (1999), and in the absence of clear precedent that co-payments of ambulance expenses are within the insurer’s responsibility to reimburse, that conclusion appears manifestly warranted.
A concluding note. Under Dist./Mun. Cts. R. A. D. A., Rule 25, the Appellate Division may impose “just damages and single or double costs” in the event an appeal is determined to be frivolous. Plaintiff flirted with that consequence here.
Accordingly, for the foregoing reasons, plaintiff’s appeal is dismissed.

 See Dist./Mun. Cts. R. A. D. A., Rule 3(c) (2) (‘The notice of appeal shall limit the scope of the appeal and shall contain... a concise statement of the issues of law presented for review.”).

 But see Wynn & Wynn, P.C. v. Massachusetts Comm’n Against Discrimination, 431 Mass. 655, 675-676 (2000) (Commission acted within the bounds of its discretion in awarding claimant attorney’s fees even though she was unsuccessful on some of her claims).

 Under Rule 8A of the Dist./Mun. Cts. R. A. D. A., the appellant may file an “Expedited Appeal” in the trial court within twenty days after filing its notice of appeal. The commentary to Rule 8A explains that an expedited appeal “is appropriate when the issues are limited in number and fairly clearly defined. It allows an appellant promptly and specifically to describe the issue or issues for appeal.” Rule 8A also sets forth the materials that must be included in the expedited appeal. The commentary to Rule 8A also points out that as these materials fiilfill the fimction of the appendix, no appendix to the appellant’s brief is required. Thus, no trial transcript was provided in this appeal.