Connor, J.
The defendants Kenneth Sheehan and Kathleen Sheehan have appealed pursuant to Dist/Mun. Cts. R. A D. A, Rule 8C, from a judgement of possession entered against them in a summary process action. They also complain that the Court took no action on their counterclaims, motion to dismiss, and requests for rulings of law.
The relevant facts as determined by the Court are as follows;
The plaintiff was the owner of Nassau Gardens, a cooperative housing development in Norwood, Massachusetts. The tenants were long term residents of one of the units with rights provided by a written “occupancy agreement” A dispute arose in the summer of 1999 when the plaintiff asserted its right under Article 15 of the agreement to inspect the unit and received no cooperation from the defendants. Over the next six months the plaintiff made four similar attempts to inspect the unit which were ignored by the defendants. Finally, the plaintiff served the defendants with a “Notice to Quit/Notice of Termination” on or about April 18, 2000 terminating the lease because of the inspection denial and other issues irrelevant to this appeal.
The defendants challenge the Court’s determination that the failure to accommodate the plaintiffs request for an inspection was a material breach, warranting termination. A mere challenge to the trial courts feet finding on an issue brings nothing before this Court, Butler v. Cromantie, 339 Mass. 4, 6 (1959), unless “there is a showing of clear error in those findings.” Commonwealth v. Scott, 52 Mass. App. Ct. 486, 491 (2001). The defendants have not met that burden.
Parties to a lease are free to bargain for events that will trigger termination. Cooley v. Bettingole, 1 Mass. App. Ct. 515, 524-526 (1973). Article 15 of the occupancy agreement provided the plaintiff with the right to inspect the unit and Article 12 invested the plaintiff with the right to terminate for such a violation. The plaintiff in terminating the lease was exercising a right clearly provided in the agreement
In January 2000, between requests for inspection, the defendants had a heated argument with the plaintiff’s manager because he inappropriately had one of the defendants’ vehicles towed from the premises. They maintain that the eviction was retaliation for their confrontation with the manager and that those actions are protected by G.L.c. 239, §2A While the statute does not describe the type of acts that are protected, the Courts interpretation has been that it includes activity which is authorized by other laws or ordinances such as reporting housing violations. See *135 Scofield v. Berman & Sons, Inc., 393 Mass. 95, 111 (1984).
The defendants also maintain that by accepting the rent during the period it was demanding inspections, the plaintiff waived its right to terminate the agreement There was neither silence nor acquiescence by the landlord to the tenants’ refusal to comply. Rather there were repeated warnings culminating in a demand letter dated March 10, 2002 which was ignored. The defendants have misconstrued the plaintiffs patience as waiver.
Over objection, the plaintiff was allowed to introduce evidence that in 1998 it had initiated an eviction against the defendants which resulted in a stipulation of dismissal. Assuming the issue was irrelevant and reference to it not properly admissible, admission of the evidence does not warrant reversal. There has been no showing that minimal reference to the prior summary process action was prejudicial. Commonwealth v. Deramo, 436 Mass 40, 49 (2002). Not having sustained the burden with respect to the prejudice, the defendants are not entitled to relief. Cohen v. Liberty Mutual Ins. Co., 41 Mass. App. Ct. 748, 752 (1996).
The defendants attempted to raise byway of counterclaim both the plaintiffs noncompliance with G.L.c. 186, §15B (security deposit regulation) and its violation of G.L.c. 93A The right to bring counterclaims in residential summary process actions is restricted by G.L.c. 239, §8A to instances where the termination was not based on fault or was for nonpayment of rent Neither of those exceptions applies. Further, the defendants never offered any evidence of security deposit irregularity.
Finally, the defendants argue that by tailing to specifically respond to their requests for rulings of law pertaining to the waiver and retaliation issues, those requests are deemed denied or in the alternative that the case should be remanded for the Court to make findings. To the contrary, no relief is warranted. Even though not required to do so, the trial judge made detailed findings of fact Those findings leave no doubt as to the legal findings the judge made to reach his decision. Under these circumstances, requiring the judge to specifically address each request would be superfluous. Caccavaro v. American Motorists Insurance Company, 355 Mass. 797 (1969).
It is ordered that the judgement be affirmed and the appeal dismissed.
So ordered.