Dawley, J.
Following a bench trial of this summary process action, judgment was entered for the plaintiff-landlord for possession and unpaid rent. The judge awarded damages to the tenant on her counterclaim for breach of the warranty of habitability, and found for the landlord on the remaining counterclaims. While the tenant listed numerous allegations of error in her notice of appeal to this Division, our review is restricted to those issues adequately briefed and argued by the tenant. Dist./Mun. Cts. R. A. D. A, Rule 16(a)(4); Fuller v. Golden, 2002 Mass. App. Div. 159, 160 n.2 and cases cited.
Yefim Zimbovsky (the “Landlord”) owns a duplex in Brookline and occupies the upstairs unit. The first-floor apartment consists of four bedrooms and the “common areas” (kitchen, bathroom, living room and hallway), which the Landlord leased to four unrelated tenants, each of whom occupied one of the bedrooms and shared the common areas. On December 15, 1999, Yelena Tokar (the ‘Tenant”) signed the first of three standard form Greater Boston Real Estate Board agreements for a tenancy at will from month to month of one of the bedrooms and the common areas (the “premises”), which she occupied with her two children. The agreement obligated the Tenant to maintain the premises in a “clean condition” as well as in “good repair” and to pay for electricity, heat and other utilities. The tenants’ apartment, but not the individual bedrooms, had separate gas and electric meters. Individual tenants assumed responsibility for payment of these utilities and collection of a pro rata share from the other three. Generally, the tenants also directly ordered and paid for their own heating oil, and there was a separate oil tank for their apartment. The Landlord furnished water.
Successive agreements on the same standard form, but with rent increases, were signed by the Tenant on November 15, 2001 and April 23, 2002. The latter called for $430.00 in rent payable in advance on the last day of the preceding *101 month.[2] Although the Landlord was aware at all times that the Tenant’s two children resided with her, he added the following handwritten clause to the second and third tenancy agreements: ‘The occupancy is limited only to Yel-ena Tokar (one person)
There was conflicting evidence at trial as to whether the Tenant complained verbally to the Landlord early in her tenancy that her bedroom window could not be completely closed. There were no written complaints by the Tenant until January, 2003. The Tenant reported at that time to the Department of Public Health of the Town of Brookline (the “Health Department”) that the apartment temperature was too warm.[3] The Health Department inspected the premises and issued written notice to the Landlord on January 23, 2003 of the following State Sanitary Code violations: smoke detectors defective or missing from tenants’ rooms and hallway; room windows did not shut or lock properly; entrance doors unlocked; buzzer, intercom and dishwasher not working; kitchen cabinets rotted; toilet broken off seal; bathroom ceiling leaking and peeling; bathroom vanity rusted; and overhead lighting malfunctioning. The notice also included the following violations and orders:
1. Owner operating unlicensed lodging house with more than 3 unrelated occupants renting rooms. Owner must apply for license or discontinue renting rooms. [No Regulation cited]
2. Owner is charging occupants for utilities without separately metering the gas, hot water, heat and electricity. [104 CMR 410.354]
Owner must include utilities in the rent or separately meter (7 days).
The notice expressly stated that the only “critical” violation which could “endanger or impair the health or safety of an occupant or the public” was the absence of smoke detectors.
On February 1, 2003, the Tenant sent written notice to the Landlord that she was withholding rent and depositing it in an identified bank account. On February 24, 2003, the Landlord notified the Tenant that per order of the Health Department, all utilities would be included in her rent and that the rent would be correspondingly increased to $535.00 beginning February 25, 2003 and continuing through the expiration of the lease on April 23, 2003.[4] The rent increase notice was also sent to the other tenants. On the same day, February 24, 2003, the Health Department reinspected the premises and determined that all violations had been corrected. A March 6, 2003 Letter of Compliance attesting to the same was issued by the Health Department to both parties.
Despite the Letter of Compliance, the Tenant continued to withhold rent without any additional notice or explanation to the Landlord. On April 1, *102 2003, the Landlord served the Tenant with a fourteen-day notice to quit[5] for nonpayment of rent,[6] and this summary process action was commenced on May 1, 2003. After trial, the judge made a finding for the Landlord for possession and unpaid rent for five months in the amount of $2,750.00, assessed $1,500.00 in damages for the Tenant on her counterclaim for breach of the implied warranty of habitability, and ruled that recovery on the remainder of the Tenant’s counterclaims was not warranted upon consideration of all the evidence.[7]
1. Requests for Rulings. The Tenant filed thirty-four “requests for rulings” upon which the trial court took no action.[8] In any case in which a finding is not made in favor of the requesting party on all of his claims, or where the damages awarded are less than those sought, “judicial inaction upon requests for rulings pertaining to those claims or to questions of damages is inappropriate.” Mishara v. Bankers Marketing Serv., Inc., 1989 Mass. App. Div. 193, 195. See DiPerrio v. Holden, 341 Mass. 342, 343 (1960). As the court found for the Tenant on her breach of the warranty of habitability counterclaim and as she has failed to present any appellate argument that the damages awarded were inadequate, there was no error in the court’s inaction on requests for rulings numbers 9,31, 32 and 33 pertaining to the implied warranty.
The court’s inaction upon the remainder of the Tenant’s requests must, however, be treated as a denial of those requests for purposes of this appeal. Mass. R. Civ. P., Rule 64A(c); Saab v. Norton Family, Inc., 2000 Mass. App. Div. 200, 202. The dispositive question is whether such denial can be sustained. Locke v. Austin, 1999 Mass. App. Div. 257, 259. Requests numbers 2, 3 and 4 could not have been allowed because they sought rulings irrelevant to any issue in this case. Ro-Bar Realty, Inc. v. Warren Five Cents Savings Bank, 1981 Mass. App. Div. 181, 182. *103 Requests numbers 12,13,25 and 26 were also correctly denied as they improperly presented mixed statements of fact and law. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944); The Lenco Pro, Inc. v. Guerin, 1998 Mass. App. Div. 10, 13.
2. Retaliatory Eviction. There was no prejudicial error in the denial of requests numbers 11,20,21,22 and 34 relative to the Tenant’s allegation of reprisal or retaliatory eviction. The Tenant argues that she was entitled to the following: (1) the G.L.c. 186, §18 presumption that her eviction was an illegal reprisal by the Landlord for her code violation complaints to the Health Department less than six months before the notice to quit, (2) a ruling that the Landlord failed to rebut the statutory presumption by clear and convincing contrary evidence, see Jablonski v. Clemons, 60 Mass. App. Ct. 473, 477 (2004), and (3) a judgment in her favor for possession, pursuant to G.L.c. 239, §2A, based on her reprisal defense. However, G.L.c. 186, §18 provides, in pertinent part:
The receipt of any notice of termination of tenancy, except for nonpayment of rent... within six months after the Tenant has ... made [a] report or complaint... shall create a rebuttable presumption that such notice ... is a reprisal against the tenant for engaging in such activities. Such presumption shall be rebutted only by clear and convincing evidence that [the Landlord’s] action was not a reprisal against the tenant and that [the Landlord] had sufficient independent justification for taking such action ... [emphasis supplied].
As the Tenant was evicted for nonpayment of rent, the G.L.c. 186, §18 presumption of reprisal did not apply. Rothman v. Begley, 2000 Mass. App. Div. 280, 282.
Apart from the statutory presumption, which was inapplicable, there was no evidence that would have compelled a finding in the Tenant’s favor as a matter of law that her eviction was retaliatory. The record supports the trial judge’s findings that the Landlord corrected the Health Code violations promptly and increased the monthly rent to include utilities only on the order of the Brookline Health Department. The Tenant paid no rent from February through the time of trial in June, 2003, and offered no explanation for her continued rent withholding.
As the Tenant failed to prove that she was entitled to retain possession of the premises based on a reprisal defense, there was also no error in the denial of her Rule 64A(b) (2) requested ruling that a finding in her favor was required as a matter of law. Jablonski v. Clemons, 2002 Mass. App. Div. 109, 110-111.
3. Unlicensed Lodging House. The Tenant added the following handwritten counterclaim to the standard form answer she filed:
Landlord is operating [an] unlicensed lodging house where tenants were sharing and paying on one common utility bill. Common thermostat was open to change settings. This was one of the many causes of conflicts between tenants which caused emotional distress.
The Tenant introduced no evidence to satisfy the essential elements of an emotional distress claim. See Butner v. Department of State Police, 60 Mass. App. Ct. 461, 470 (2004) (elements of intentional infliction of emotional distress); Gutierrez v. Massachusetts Bay Transp. Auth., 437 Mass. 396, 412-413 (2002) (elements of negligent infliction of emotional distress). Nor does the Tenant’s brief specify the relief she sought for the alleged illegality. Compare Singer v. DeMartino, 1999 Mass. App. Div. 7 (tenant counterclaimed for G.L.c. 93A damages and for rent abatement for landlord’s operation of unlicensed boarding house in violation of municipal zoning ordinance).
The Tenant argues in her brief only that the trial judge was required to decide the issue of the illegality of the rental premises instead of simply adopting the *104 Town of Brookline’s March 6, 2003 Letter of Compliance. The burden of proving her counterclaim, however, was on the Tenant, Feltch v. General Rental Co., 383 Mass. 603, 611 (1981), and she failed to present sufficient evidence to permit the trial judge to make a ruling in her favor on this issue. While the January 23, 2003 notice of violations and orders stated that the Landlord was operating an unlicensed lodging house, no statute, code, ordinance or regulation was cited as the basis for the violation notice. The March 6, 2003 Letter of Compliance stated that the Landlord had corrected all violations as of February 24, 2003.[9] The Landlord testified that he had not been fined, ordered to obtain a license, or served with any subsequent notice by the Town of Brookline as to his operation of an illegal lodging house. Compare Singer v. DeMartino, supra at 8; Singer v. Opuka, 1999 Mass. App. Div. 12, 12-13 (cease and desist orders issued to Landlord and fines imposed for unlawful use of property as unlicensed boarding house). While the record does indicate that four unrelated tenants occupied the first floor apartment, the Tenant failed to introduce into evidence, or even to cite, a Brookline zoning ordinance, by-law, code or regulation to establish that such a rental unit required licensing or was illegal. A trial court cannot take judicial notice of a local ordinance or by-law. Warren v. Zoning Board of Appeals of Amherst, 383 Mass. 1, 8 (1981).
4. G.L.c. 93A. Requested ruling number 29 was properly denied as it posited the erroneous proposition of law that the Landlord’s knowing or willful refiisal to tender a written offer of settlement would have per se warranted an award of G.L.c. 93A, §9 double or treble damages. As the Tenant’s G.L.c. 93A claims were asserted by way of counterclaim, neither a thirty-day demand letter by the Tenant, nor a tender of settlement by the Landlord, was required by §9(3). Medford Co-op Bank v. Skerry, 2004 Mass. App. Div. 120, 124. While that statute permitted the Landlord to tender a written settlement offer to limit the Tenant’s potential recovery to single damages, it did not obligate him to do so. Moreover, punitive damages are not automatically assessed under §9 in every case in which no reasonable settlement has been offered; a preponderance of the evidence must establish that the defendant’s unfair and deceptive acts were themselves willful and knowing to warrant the imposition of multiple damages.[10] Kapp v. Arbella Mut. Ins. Co., 426 Mass. 683, 686 (1998); Auto Shine Car Wash Systems, Inc. v. Nice 'N Clean Car Wash, Inc., 58 Mass. App. Ct. 685, 690 (2003).
The evidence fails to support the Tenant’s second G.L.c. 93A argument that she was entitled to recover for the Landlord’s unfair and deceptive acts under subsections (1) (a), (1) (b) and (1) (i) of 940 CMR 3.17. Regulations 3.17(1) (b) and (1) (i) make it an unfair and deceptive act for a landlord to either maintain, or fail to remedy, an unsafe condition “after notice” of the same. The trial judge properly found that the Landlord corrected each of the Code violations within days of being notified by the Town of Brookline. Further, as the judge was free to disbelieve even uncontroverted evidence, Guardianship of Jackson, 61 Mass. App. Ct. 768, 774 (2004); Haywood v. Massachusetts Automotive Group, Ltd., 1998 Mass. App. Div. 85, 87, he was not required to credit the Tenant’s testimony that she gave verbal notice of at least a window defect early in her tenancy and that the Landlord *105 ignored the problem for more than two years. Similarly, as there was no evidence of code violations at the “inception of the tenancy” other than the Tenant’s testimony, a finding of a violation of subsection (l)(a) of 940 CMR 3.16 was not required.
The Tenant’s third G.L.c. 93A argument is that she was entitled to statutory damages, attorney’s fees and costs for the Landlord’s violation of G.L.c. 186, §16. We agree. Section 16 provides
Any provision of a lease or other rental agreement relating to real property whereby a ... tenant enters into a covenant, agreement or contract, by the use of any words whatsoever, the effect of which is... to provide that the ... landlord may terminate such lease or agreement if the tenant has ... children who shall occupy the premises covered by such lease or agreement, shall be deemed to be against public policy and void.
Uncontroverted evidence established that the Tenant’s children resided with her from the inception of her tenancy and the Landlord knew the children were on the premises. His addition of the clause to the second and third rental agreements restricting occupancy of the premises to the Tenant alone violated G.L.c. 186, §16. The fact that the lease did not contain “an express provision prohibiting the tenant’s children,” as the trial court noted, was not dispositive because the statute expressly proscribes the use of “any words whatsoever... the effect of which” is to permit tenancy termination if a Tenant’s children occupy the premises. A lease provision which violates G.L.c. 186, §16 “offends public policy as it has been established by statute” and, thus, falls within the G.L.c. 93A, §2 parameters of unfairness. Kattar v. DeMoulas, 433 Mass. 1, 14 (2000); Purity Supreme, Inc. v. Attorney General, 380 Mass. 762, 777 (1980). The fact that the Landlord took no action to enforce the occupancy restriction clause did not preclude the Tenant’s claim. The mere presence of an unconscionable lease clause in violation of a statute such as G.L.c. 186, §16 enacted to safeguard tenants’ rights amounts to the “invasion of [a] legally protected interest” for which G.L.c. 93A relief is afforded; enforcement by the Landlord and “actual harm” to the tenant are not the test. Leardi v. Brown, 394 Mass. 151, 159-161 (1985). The Tenant was entitled to an award of nominal damages under G.L.c. 93A, §9. Id. at 161.
5. Utility Costs. Pursuant to 105 CMR 410.354(A), (B) and (C), a landlord/ owner is required to provide electricity and gas unless there is a separate meter for the gas and electricity for the tenant’s premises and the rental agreement provides for payment by the tenant. Similarly, 105 CMR 410.355 requires a landlord to provide “the oil used for heating and/or hot water” unless there is a separate oil tank for the tenant’s dwelling unit. The rental agreement in this case required the Tenant to pay for “electricity and other utilities.” There were separate utility meters and an oil tank for the tenants’ downstairs apartment but, obviously, not for the Tenant’s individual bedroom and her share of the common areas that constituted her dwelling unit. Under those circumstances, the Landlord’s failure to provide electricity, gas and oil was a violation of the listed sections of the State Sanitary Code and thus of G.L.c. 93A, §2.[11] See Knott v. Laythe, 42 Mass. App. Ct. 908, 910 (1997). The Tenant was entitled to an award of statutory nominal damages. Id.
*106 There was no error, however, in the denial of the Tenants counterclaim for reimbursement by the Landlord of her total utility payments during her tenancy. The record indicates that the Tenant never paid more than her one-quarter pro rata share of the costs of heat and utilities for the tenants’ apartment, and that she was charged a lower rent in return for covering her own utility expenses. In the absence of any evidence disproving “that the sum of the rent paid and the cost of providing heat [and utilities] represented what the rental value of the premises would have been with those utilities provided [by the Landlord], no actual damages have been proved and only nominal damages may be recovered.” Poncz v. Loftin, 34 Mass. App. Ct. 909, 911 (1993).
6. Quiet Enjoyment. The Tenant contends that in addition to the $1,500.00 damages (three months’ rent) assessed by the court for the Landlord’s breach of the warranty of habitability, she is also entitled to G.L.c. 186, §14 damages in the amount of three months’ rent plus costs and attorney’s fees for the Landlord’s breach of her quiet enjoyment of the premises. A landlord is liable for a breach of the covenant of quite enjoyment when his “acts or omissions impair the value of the leased premises,” Cruz Mgmt. Co. v. Thomas, 417 Mass. 782, 789 (1994), and the impairment is “substantial.” Leardi v. Brown, supra at 167 (1985), citing Winchester v. O’Brien, 266 Mass. 33, 36 (1929).
The Tenant argues in her brief only that the Landlord failed to repair her bedroom window for two years and that he should have been responsible for cleaning the common areas. As noted, the trial judge was not required to believe the Tenant’s testimony about either the duration of the window defect or any early notice to the Landlord. The Landlord testified that he cleaned the common areas twice a week. There was no evidence of written complaints prior to January, 2003, and the record is clear that the Landlord promptly remedied all violations after notice. The Tenant has failed to establish any error of law in the court’s finding for the Landlord on her quiet enjoyment counterclaim.
Accordingly, the court’s judgment for the plaintiff for possession and unpaid rent is affirmed. The judgment for the defendant on her counterclaims is to be amended by the addition of nominal G.L.c. 93A damages as indicated herein, plus reasonable attorney’s fees and costs. This action is returned to the trial court for an assessment of those fees, for the calculation of costs and for the entry of an amended judgment consistent with this Opinion.
So ordered.

 There was no evidence at trial to support the Tenant’s counterclaim that she paid the last month’s rent in advance and was entitled to G.L.c. 186, §15B or G.L.c. 93A damages for the Landlord’s failure to pay interest on the same. In any event, the issue is not argued in the Tenant’s brief and is deemed waived. Rule 16(a) (4). Picard v. Thomas, 60 Mass. App. Ct. 362, 370 (2004).

 There was evidence at trial that other tenants tampered with the thermostat.

 As the Tenant did not file any request for ruling of law challenging the validity of the rent increase, she has waived her right to appellate consideration of that issue. Cacciola v. Liberty Mut. Ins. Co., 2000 Mass. App. Div. 174, 176-177 and cases cited.

 The Tenant filed a subsequent complaint with the Health Department, the premises were inspected on April 16,2003, and the Landlord was ordered on April 23, 2003 to clean the “filthy and odorous” apartment bathroom. The premises were reinspected on May 12, 2003 and an Order of Compliance was issued on May 13, 2003. On May 14th and after a hearing, the Health Department affirmed its finding that the bathroom was “being maintained in compliance with the health code” and ruled that the Tenant’s additional complaints in an April 30, 2003 letter were “not deemed violations.”

 The notice to quit was not included in the record. The Tenant did not challenge its delivery by checking the appropriate space on the trial court summary process answer form she completed and filed, and testified at trial that she received it. While she did check a space on the answer form indicating “inconsistent” reasons for eviction in the complaint and notice to quit, no evidence to substantiate this allegation was offered at trial. The issue is not addressed in the Tenant’s brief.

 The trial judge filed voluntary written findings of fact and an informal “memorandum of law” clarifying his disposition of the Tenant’s counterclaims and his judgment for the plaintiff. The judge did not designate them as Mass. R. Civ. R, Rule 52(c) findings and rulings, see Stigum v. Skloff, 433 Mass. 1011 (2001), and we do not so interpret them.

 Subsection (a) of Mass. R. Civ. R, Rule 64A mandates that requests for rulings “shall not be ... unreasonable in number.” It would have been within the trial judge’s discretion to have ordered the Tenant to “refashion and reduce the number as a condition precedent to [the court’s] passing upon any of them.” Green v. Blue Cross & Blue Shield of Mass., Inc., 1996 Mass. App. Div. 165, 169, quoting Stella v. Curtis, 348 Mass. 458, 461 (1965).

 The Letter was issued by both a Health Department Inspector and the Director of Public Health and Human Services of the Town of Brookline. Citing Perry v. Medeiros, 369 Mass. 836, 842 (1976), the Tenant argues that the Inspector was not qualified to give a legal opinion on February 24,2003 as to the legality of the Landlord’s rental unit. The logical corollary of this argument is that the Inspector was not competent to assess the illegality of the unit on January 23,2003.

 As the Landlord did not elect to respond to the Tenant’s counterclaims with a written tender of settlement, requested ruling number 30 that such a tender must be reasonable was properly denied as irrelevant.

 Pursuant to 940 CMR 3.16(3), an act or practice is a violation of G.L.c. 93A if “ [i] t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth with protection;...”