WILLIE B. BROWN *vs.* DORIS SEWELL. August 12, 1982. The defendant in this summary process action appeals from a judgment which awarded possession to the plaintiff, effective July 1, 1981, with costs; determined the rent payable, in an abated amount, beginning April 1, 1981; and awarded the defendant damages (which were reflected in the rent abatement) and counsel fees for certain violations of G. L. c. 93A by the plaintiff. We were informed at argument that during the pendency of the appeal the defendant had voluntarily vacated the premises. 1. The portion of the judgment which awarded the plaintiff possession and costs is to be reversed, and a new judgment is to enter dismissing the claim insofar as it seeks possession, with a notation that the dismissal is not on the merits but on the ground of mootness. 2. The defendant argues that the judge erred in not awarding damages to her for retaliatory eviction under G. L. c. 186, § 18, her contention being that the evidence was not clear and convincing enough to overcome the rebuttable presumption, created by that section, that the eviction notice was in reprisal for her having reported various code violations to authorities during the six months preceding the notice. The judge found that "the plaintiff was not motivated to act in retaliation for [the report of violations] but had reluctantly come to the conclusion that the only way to relieve himself of the recurring task of patchwork repairs was to have the premises vacated and to thereafter accomplish substantial rehabilitation." That finding was premised not only on the plaintiff's testimony to that effect but on evidence of (a) the very extensive nature of the needed repairs, (b) the landlord's past history of responding to numerous violation notices with good faith attempts to remedy the violations without retaliatory action, and (c) an instance which occurred after the defendant reported the code violations in which the plaintiff voluntarily lent money to the defendant when she was in need. The judge was in the best position to evaluate the demeanor and motives of the plaintiff, and we think that his finding cannot be said to lack the support of clear and convincing evidence. 3. The plaintiff has not appealed, and the defendant makes no contention that either the computation of the rent

abatement or the award of counsel fees under G. L. c. 93A was in error. 4. Except as indicated in part 1 hereof, the judgment is affirmed with no costs of appeal to either party. The case is remanded to the Housing Court for the entry of a modified judgment in accordance with this opinion.

*So ordered.*

*Donna J. Lehman* for the defendant.
*Gail Mota* for the plaintiff, submitted a brief.