Merrick, J.
Plaintiff Mary Burman (“Burman”) contracted to pay the defendant, Pella Windows, Inc. (“Pella”), $37,056.00 to supply and install windows at the home that she held in her name and occupied with her husband. She paid $17,000.00 at the outset and has paid nothing since. During the installation, Burman complained that the windows were defective in many respects and were being improperly installed. Ultimately, Burman’s husband told Pella’s installer, with whom personal relations had also deteriorated, to leave the property. While the dispute was ongoing, Pella made an unauthorized charge of $15,000.00 on Burman’s Pella-sponsored MBNA credit card. Pella refunded that money after Burman had protested to Pella and to the police. Pella also telephoned Burman’s husband, at the hospital where he was being treated in the intensive care unit, to demand payment of the disputed amount.
Pella commenced this action to recover the balance due on its contract. Burman counterclaimed under G.L.c. 93A for Pella’s defective and incomplete work, failure to supply materials, and refusal to return and correct those conditions.
After a bench trial, the trial judge found in favor of Pella and awarded damages in the amount of $3,376.00 (the contract price less amounts paid to Pella and an installer and for defective materials). On the counterclaim, the judge found that Pella had violated G.L.c. 93A, §2 and assessed single damages of $20,079.00, the amount the judge found necessary for temporary repairs and removing and properly reinstalling windows.[1] The judge then doubled those damages and ordered a hearing on attorney’s fees. The trial judge specified two actions of Pella’s that she found to be wilfully and knowingly unfair and deceptive under c. 93A, causing her to double the damages: Pella’s unauthorized charge on Burman’s MBNA account *107 and Pella’s telephone call to Burman’s hospitalized husband. After posttrial motions were filed, but before they were heard, the judge issued a “Revised Decision and Order,” reducing the counterclaim damages to single damages and declining to award attorney’s fees. Burman has appealed the revised decision and order eliminating the double damages and attorney’s fees. Pella did not cross-appeal any issue.
1. The judge added a sentence in her revised findings to the effect that there was no evidence of a demand letter under G.L.c. 93A, §9 that complained of either the unauthorized MBNA charge, or the call to Burman’s husband at the hospital. Burman argues that the judge rescinded double damages and attorney’s fees in the erroneous belief that such a letter was a condition precedent to recovery of multiple damages or attorney’s fees. As Burman correctly notes, G.L.c. 93A, §9(3) provides, in pertinent part:
The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim,... but such respondent may otherwise employ the provisions of this section by making a written offer of relief and paying the rejected tender into court as soon as practicable after receiving notice of an action commenced under this section.
On the same issue, §9(3A) further provides, in part:
A person may assert a claim under this section in a district court, whether by way of original complaint, counterclaim, cross-claim or third-party action, for money damages only. Said damages may include double or treble damages, attorneys’ fees and costs, as herein provided. The demand requirements and provision for tender of offer of settlement provided in paragraph (3) shall also be applicable under this paragraph....
Thus, “[i]n much the same way that the statute allows a demand letter recipient to limit the c. 93A claimant’s recovery by making an appropriate response to the demand, it allows a party whose first notice of a c. 93A claim is the filing of a cross claim or counterclaim to make a written offer of relief and, if the offer is rejected, to pay the tender into court.” Siegel v. Berkshire Life Ins. Co., 64 Mass. App. Ct. 698, 701 n.2 (2005). See Jablonski v. Clemons, 2002 Mass. App. Div. 109, 112. A written tender of an offer in response to the counterclaim would, if found to be reasonable, limit the recovery under the counterclaim to single damages. See Zimbovsky v. Tokar, 2005 Mass. App. Div. 100, 104. Where there is no prior demand letter, the counterclaim under c. 93A serves the purpose of the demand letter, which must describe the deceptive acts relied on and be “sufficient to give the defendant! ] ‘an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied’ and to enable [it] to make ‘a reasonable tender of settlement’ in order to limit the recoverable damages.” Brandt v. Olympic Constr. Inc., 16 Mass. App. Ct. 913, 915 (1983), quoting York v. Sullivan, 369 Mass. 157, 162 (1975).
As with G.L.c. 93A, §9 claims raised by counterclaim, claims under c. 93A, §11 never require a demand letter, and the defendant’s liability for multiple damages *108 may hinge on a tender made with the answer to the c. 93A complaint.[2] The counterclaim under §9, as does the complaint under §11, serves as the functional equivalent of the demand letter. “ [I] t is imperative, if a defendant is not to be placed at an unfair disadvantage, that the complaint, the first statutorily required identification of unlawful activity under § 11, give fair notice of the precise nature of the plaintiffs allegation.” Halper v. Demeter, 34 Mass. App. Ct. 299, 302 (1993).
In this case, the c. 93A counterclaim referred only to work and materials and Pella’s refusal to return and correct things, allegations that would as easily have supported a contract claim. The counterclaim contained no mention of the unauthorized MBNA charge, or the call to Burman’s husband at the hospital. Neither was mentioned in the joint pretrial memorandum filed in the case. Pella’s failure to object to otherwise relevant evidence at trial does not support an argument that it agreed to try the issue of whether its call to Burman’s hospitalized husband or its misuse of Burman’s credit card, viewed together with its contract violations, amounted to a statutory violation under a “totality of conduct” theory. Id. at 303. Further, even if a transcript would show that the issue of whether Pella’s conduct constituted a violation of c. 93A was tried by implied consent, perhaps permitting an amendment to the counterclaim even posttrial, Pella would be prejudiced by the creation of a c. 93A “demand” to which he would have had no opportunity to respond. See Hamed v. Fadili, 408 Mass. 100, 105-106 (1990) (reversing allowance of posttrial complaint amendment because of prejudice). The judge properly rescinded her award of double damages.
Burman is, however, entitled to G.L.c. 93A attorney’s fees attributable to the trial judge’s finding for Burman on her counterclaim based on the contract items specified therein, even though those items were not found to be wilful and knowing. There is nothing in G.L.c. 93A, §9(4) that restricts entitlement to statutory attorney’s fees and costs to only those cases in which multiple or punitive damages are awarded.[3] Thus, Burman shall be entitled to an award of G.L.c. 93A attorney’s fees and costs upon her submission of a motion for the same and affidavit to the trial judge within 30 days of the issuance of this opinion.
2. Given the absence of a transcript or agreed statement of facts, Pella stated in its brief on this appeal: “For purposes of this appeal, the plaintiff will rely upon and adopt *109 the findings a fact set forth in the trial judge’s Amended Decision and Order. Those findings are as follows.” Pella’s brief then set out nearly three single-spaced pages reciting the findings — or at least purporting to recite the findings. Instead, in as brazen a piece of misrepresentation as we have ever seen, Pella deleted certain words, phrases, and sentences without use of an ellipsis, or any other indication of editing. Defeating one’s hope that the deletions were the result of sloppy copying and proofreading, rather than dishonesty, is the fact that all the information deleted is helpful to Burman, or harmful to Pella. Perhaps the most egregious example is the following paragraph of the judge’s findings with the bold print showing Pella’s deletions:
Thereafter, Pella began contacting Mary and George Burman for the balance of payment due on the contract. Mary Burman had applied for and received an MBNA credit card through a Pella sponsored program. Despite the disputed claim by Mary Burman Pella made an unauthorized charge for the balance amount due on Mary Burman’s Pella sponsored MBNA card. The charge was for $15,000.00. Mary Burman and George Burman contacted Pella regarding the unauthorized charge and also contacted the Mansfield Police Department. Pella corrected the erroneous charge one week later. In a further attempt to collect the contract balance, a representative from Pella called George Burman while he was an inpatient in the Norwood Hospital being treated in the Intensive Care Unit.
The editing extended even to deleting a single “n” to use the correct article when changing “an unauthorized charge" to “a charge.” Given Pella’s flagrant misrepresentations and distortion of the lower court record in its brief, we treat the brief as frivolous, even though it has prevailed on part of Burman’s appeal. Avery v. Steele, 414 Mass. 450, 456 (1993). Accordingly, we impose double costs of this appeal upon Pella, to be paid to Burman not by Pella, but by its attorney. Id. at 457.
Finally, since we have ordered G.L.c. 93A attorney’s fees and costs to be assessed and awarded by the trial judge to Burman, we, in our discretion, also award appellate attorney’s fees. Within 30 days of the issuance of this opinion, Burman’s counsel shall file with this Appellate Division “a submission detailing and supporting the attorney’s fees and costs sought.” Fabre v. Walton, 441 Mass. 9, 10 (2004). Pella’s counsel will have ten days to file a written response with this Division.
The judgment for Burman on her counterclaim is vacated, and the action is returned to the trial court for the trial judge’s assessment and award of G.L.c. 93A attorney’s fees and costs, upon motion and supporting affidavit by Burman in accordance with this opinion. After our assessment and award of appellate attorney’s fees, the trial court shall enter a new judgment for Burman on her counterclaim in the amount of the single damages awarded by the trial court, trial attorney’s fees, appellate attorney’s fees, and costs.
So ordered.

 It is not alleged on appeal that these damages were duplicative of the deductions from Pella’s contract claim.

 General Laws c. 93A, §11 provides: ‘The respondent may tender with his answer in any such action a written offer of settlement for single damages. If such tender or settlement is rejected by the petitioner, and if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner, then the court shall not award more than single damages.”

 Section 9(4) of G.L.c. 93A states: “If the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney’s fees and costs incurred in connection with said action; provided, however, the court shall deny recovery of attorney’s fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of the mailing or delivery of the written demand for relief required by this section.”