Hadley, J.
The plaintiff, Steven S. Lazo (“Lazo”), commenced this action for money damages for bodily injury suffered as a result of defendant Nicole L. Dalton’s (“Dalton”) negligent operation of a motor vehicle on May 14,2007. After trial, a jury found in favor of Lazo and awarded $5,050.00 in damages. Dalton filed a motion for an offset in the amount of $6,860.00 pursuant to G.L.c. 90, §34M, the amount of personal injury protection (“PIP”) benefits previously paid to Lazo by an automobile liability insurer. This motion was allowed, and the offset reduced the net award to Lazo to zero.
Dalton subsequently filed a motion for judgment notwithstanding the verdict, asserting that as a result of the $6,860.00 PIP offset and pursuant to G.L.c. 90, §34M, she was made “exempt from tort liability for damages because of bodily injury” to the extent that Lazo was entitled to recover PIP benefits. G.L.c. 90, §34M. In short, Dalton asserts that Lazo did not overcome her statutory exemption from tort liability and, therefore, that she, the defendant, and not Lazo, was entitled to a judgment and costs.
Dalton has not cited any precedent in support of her argument. The question at issue, however, was recently addressed by this Division in the case of Franco v. Kersten, 2011 Mass. App. Div. 59. In that case, there was also a jury verdict for the plaintiff and, after a PIP offset, a reduction of the net damages awarded to the plaintiff to zero. As we stated in that case, for purposes of G.L.c. 261, §1 and Mass. R. Civ. R, Rule 54(d), the plaintiff was nonetheless a prevailing party in a civil action and was entitled to a judgment and to costs. Id. at 60-61. As in this case, the defendant in Franco was not entitled to a judgment in her favor.
The trial judge’s denial of Dalton’s motion for judgment notwithstanding the verdict is affirmed.
So ordered.